UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIDO'S FENCES, INC.,

                Appellant,

        -against-

JAMES J. BORDONARO, KENNETH
KIRSCHENBAUM, UNITED STATES
TRUSTEE,

                Appellees.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
Bankr. Case No. 8-14-70190
15-CV-3025 (JMA)

**APPEARANCES:**

Jennifer Coden, Esq.
Law Offices of Jennifer L. Coden, PLLC
6800 Jericho Turnpike, Suite 209E
Syosset, NY 11791
    *Attorney for Appellant*

Michael Thomas McNamara, Esq.
Cassidy Romano & Love
70 West Main Street
East Islip, NY 11730
    *Attorney for Appellee*

Kenneth Kirschenbaum, Esq.
Kirschenbaum & Kirschenbaum, PC
200 Garden City Plaza, Suite 500
Garden City, NY 11530
    *Attorney for Appellee*

**AZRACK, United States District Judge:**

    Before this Court is the appeal of Appellant Fido's Fences, Inc. ("Fido") from the Bankruptcy Court's February 25, 2015 decision (Grossman, J.), which denied Fido's motion objecting to a homestead exemption claimed by Appellee-Debtor James J. Bordonaro ("Bordonaro"). Fido also appeals the Bankruptcy Court's subsequent denial of Fido's motion for

1

reconsideration. For the reasons stated below, the Bankruptcy Court's decisions below are AFFIRMED.

## I. Background

Familiarity with the record below is assumed.

Fido became a creditor of Bordonaro in March 2013 after it secured a money judgment of $132,900 plus interest in a breach of contract action in Nassau County Supreme Court. (Appellant's Br. at 6, ECF No. 6.) On January 20, 2014, Bordonaro filed for bankruptcy.[1] (Id. at 2.) At the heart of this dispute are two residential properties that Bordonaro owns in Bay Shore, New York: 1705 Gardiner Drive ("1705 Gardiner") and 1707 Gardiner Drive ("1707 Gardiner"). (Id. at 6.) The difference between these two properties is apparent: 1705 Gardiner is unencumbered and valued at $164,000, whereas 1707 Gardiner is subject to a mortgage and "underwater." (Id. at 4−5; Supplemental Findings of Fact and Conclusions of Law ("Suppl. Order") at 1, Designation Bankr. R. on Appeal ("Bankr. R."), ECF No. 11.61.)

In bankruptcy, Bordonaro claimed a $150,000 homestead exemption for 1705 Gardiner, pursuant to N.Y. C.P.L.R. § 5206(a). After Fido conducted an examination of Bordonaro pursuant to Federal Rule of Bankruptcy Procedure 2004 ("2004 exam") in August 2014, Fido filed a motion objecting to Bordonaro's claimed homestead exemption for 1705 Gardiner. (Suppl. Order at 2.)

In its motion, Fido argued that 1705 Gardiner is Bordonaro's rental property and that he did not physically occupy it as his principal residence at the time of the petition. Fido relied on numerous documents in which Bordonaro or his wife represented their home address as 1707 Gardiner, including: the driver's license he submitted in the 2004 exam; his 2008, 2012, and

---

[1] Although Bordonaro retained counsel in the bankruptcy proceeding, he filed his brief pro se on this appeal.

2

2013 tax filings; a SNAP recertification; a Medicaid renewal application; handwritten notes on pictures submitted at the 2004 exam; his mortgage assistance application and private loan application; title records; and county records. (2.25.15 Tr. at 7, Bankr. R., ECF No. 11.79; Appellant's Br. at 11–14.) Fido contended that Bordonaro's contrary representations—in his petition, on his schedules, at the initial creditors' meeting, and at the 2004 Examination—were false.[2] (2.25.15 Tr. at 7.) Fido also stressed that, even during the bankruptcy proceeding, Bordonaro has not been consistent about the year in which he first moved from 1707 to 1705 Gardiner.[3] (Appellant's Reply Br. ¶ 10.)

On January 28, 2015, the Bankruptcy Court held a hearing where Bordonaro testified that he and seven of his children resided at 1705 Gardiner since 2003, that he intended to make it his permanent residence, and that he sleeps and eats there. (Suppl. Order at 3, 6.) He also testified that he misrepresented his address as 1707 Gardiner on the documents cited by Fido because he sought to receive certain benefits, such as mortgage assistance for 1707 Gardiner and a commercial loan. (Id. at 2, 6; Appellant's Br. at 13–14.)

The record before the Bankruptcy Court also included affidavits from Bordonaro's son, Joseph Bordonaro ("Joseph"), and family friend, Martin Peter Sperduto ("Sperduto"). (Suppl. Order at 2, 8.) In their affidavits, both Joseph and Sperduto claimed they had lived with the Bordonaro family in 1705 Gardiner up until August 2013, when both of them moved into 1707 Gardiner to have more space. (Aff. of Joseph Bordonaro, Bankr. R., ECF No. 11.44; Aff. of Martin Peter Sperduto, Bankr. R., ECF No. 11.45.) Fido relied on these affidavits because they

---

[2] Fido does not contest Bordonaro's ownership of the property.

[3] For example, in his answer in a related adversary proceeding, Bordonaro indicated that he moved to 1705 Gardiner in 2008. (Adversary Proceeding Answer ¶ 17, Bankr. R., ECF No. 11.32.) But, in his 2004 exam, he testified he moved there in 2003. (8.15.14 Tr. at 27, Bankr. R., ECF No. 11.78.) And, in his appellate brief, he claims he moved there in 2005. (Appellee's Br. at 4, ECF No. 7.)

contradicted certain assertions Bordonaro had made in his petition and at his 2004 exam concerning the residents of 1705 Gardiner. (Mot. to Object to Homestead Exemption ¶¶ 19–20, Bankr. R., ECF No. 11.35.)  However, other portions of the affidavits were favorable to Bordonaro—Joseph specifically attested that his parents reside at 1705 Gardiner.  (Suppl. Order at 5–6.)

The Bankruptcy Court denied Fido's objection and allowed Bordonaro to claim the homestead exemption for 1705 Gardiner.  The court concluded that Fido had not met its burden and had failed to establish that Bordonaro had improperly claimed the exemption.[4]  (2.25.15 Tr. at 12; Suppl. Order at 7.)  In denying Fido's objection, the court noted, *inter alia*:  (1) the inconsistencies between Bordonaro's testimony and his representations in the documentary evidence that Fido cited and emphasized; and (2) Fido's failure to provide any evidence that Bordonaro did not physically occupy 1705 or any evidence that he physically occupied 1707 on a more regular basis than 1705.  (2.25.15 Tr. at 12; Suppl. Order at 5−7.)

Fido filed a motion for reconsideration on March 23, 2015.  The Bankruptcy Court denied that motion at a hearing on May 11, 2015.  This appeal followed.

## II. Discussion

**A. Standard of Review**

On appeal from a bankruptcy court's order, conclusions of law are reviewed de novo and findings of fact are reviewed for clear error.  In re Ionosphere Clubs, Inc., 922 F.2d 984, 988 (2d Cir. 1990; Ng v. Adler, 518 B.R. 228, 233 (E.D.N.Y. 2014).  The clearly erroneous standard requires "strong deference" to "findings of fact based on credibility assessments of witnesses [the court] has heard testify."  In re Pisculli, 426 B.R. 52, 59 (E.D.N.Y. 2010) aff'd, 408 F.

---

[4] The Bankruptcy Court denied Fido's objection in an oral decision during a February 25, 2015 hearing.  (2.25.15 Tr. at 12.)  On March 11, 2015, the Bankruptcy Court issued written Supplemental Findings of Fact and Conclusions of Law.  ("Suppl. Order.")

App'x 477 (2d Cir. 2011).  Furthermore, "[a]n appellate court cannot substitute its interpretation of the evidence for that of the trial court simply because the reviewing court might give the facts another construction [and] resolve the ambiguities differently . . . ." Id. at 68 (alterations in original).

**B. The Standard for the Homestead Exemption**

Under Section 522(b) of the Bankruptcy Code, a debtor may exempt property from the bankruptcy estate pursuant to New York's homestead exemption.  See 11 U.S.C. § 522(b); N.Y. Debt. & Cred. Law § 282; In re Martinez, 392 B.R. 520, 531 (E.D.N.Y. 2008).

New York's homestead exemption applies to real property "not exceeding one hundred fifty thousand dollars . . . in value above liens and encumbrances, owned and occupied as a principal residence." N.Y. C.P.L.R. § 5206(a).  The exemption's occupancy element requires "actual physical occupancy on a regular basis . . . [and] on a more regular basis than any other residence." In re Moulterie, 398 B.R. 501, 505 (E.D.N.Y. 2008) (quoting In re Scott, 233 B.R. 32, 40 (N.D.N.Y. 1998)) (internal quotation marks omitted).  Additionally, a debtor has only one principal residence, and "must have an intent to reside there permanently." Id.  In determining whether the homestead exemption applies, the court considers the circumstances as they existed on the petition date. In re Scott, 233 B.R. at 40.

The party objecting to a debtor's claim of an exemption bears the burden of proving, by a preponderance of the evidence, that the exemption is improper. Fed. R. Bankr. P. 4003(c); In re McNeill, 193 B.R. 654, 659 (Bankr. E.D.N.Y. 1996).

5

**C. The Bankruptcy Court Did Not Clearly Err in Denying Fido's Objection**

Fido argues that the Bankruptcy Court clearly erred when it found against Fido on the issue of Bordonaro's residency and the propriety of the homestead exemption. Specifically, Fido maintains that its objection should have been sustained based on Bordonaro's written representations, the lack of documentary evidence corroborating his testimony, and the inconsistencies among his bankruptcy submissions and testimony. Given the conflicting evidence in the record, the Bankruptcy Court's factual determination that Fido failed to meet its burden of proof on this issue was not clear error. Notably, the Bankruptcy Court was in the unique position to evaluate Bordonaro's credibility when he testified on this issue, and Fido did not provide any direct evidence about Bordonaro's physical occupancy of the residences.

Fido also argues that the Bankruptcy Court's subsequent statements about Bordonaro's credibility, made during a related adversary proceeding, undermined the court's conclusion about the homestead exemption. However, the Bankruptcy Court was not—as Fido suggests—inconsistent, and the court's statements in the adversary proceeding do not establish that its finding concerning the exemption was clear error.

The issue in the adversary proceeding was whether Bordonaro's debts should be discharged in bankruptcy. During a May 12, 2015 trial in the adversary proceeding, Judge Grossman made statements about Bordonaro's credibility, including the following statement to his counsel: "You're going to try to convince me that this witness, who I don't think has told the truth other than maybe his name, and I'm not even sure of that, is a debtor who warrants a discharge . . . ." (5.12.15 Tr. at 101.) However, Judge Grossman's statements do not establish that his earlier conclusions concerning the homestead exemption were clear error. The adversary proceeding concerned the separate question of discharge and involved factual issues unrelated to

Bordonaro's residency. Moreover, at the trial, the Bankruptcy Court considered additional documents, such as Bordonaro's bank statements, that were not at issue in the earlier objection.

Finally, Fido implies the Bankruptcy Court was not aware of Bordonaro's inconsistencies and misrepresentations until Bordonaro's testimony at the May 12 trial. This argument is meritless. Judge Grossman had previously acknowledged these inconsistencies, noting that Bordonaro's tax filing contained "false representations." (2.25.15 Tr. at 12; Suppl. Order at 6.) Consequently, the Bankruptcy Court did not clearly err in its findings.

**D. Fido's Attempts to Distinguish the Cases Cited by the Bankruptcy Court are Meritless**

On appeal, Fido argues that numerous cases cited by the Bankruptcy Court are factually distinguishable from this case. These arguments, which Fido originally raised in its reconsideration motion below, are meritless.[5]

Fido contends that the Bankruptcy Court erred in relying on In re Stanley, 461 B.R. 32, 40 (Bankr. N.D.N.Y. 1998), which the Bankruptcy Court characterized as "similar" to the instant case. While the facts of Stanley differ from this case's facts in some respects, these differences do not establish clear error. The Bankruptcy Court—which never claimed that Stanley and this case were identical—considered the conflicting evidence in this case and analyzed it under the correct legal standard. And, the Bankruptcy Court appropriately cited Stanley to illustrate, *inter alia*, that an objector's failure to provide evidence concerning physical occupancy is relevant when determining the applicability of the homestead exemption.

Fido's attempts to distinguish the other cases cited by the Bankruptcy Court are utterly meritless. (Appellant's Br. at 22–24.) In setting out the standard that governs the homestead

---

[5] Fido failed to include a transcript of the May 11, 2015 hearing where the Bankruptcy Court denied Fido's motion for reconsideration. When an appellant fails to provide a critical portion of the record below, a district court has the discretion to dismiss an appeal. In re Emmons-Sheepshead Bay Dev. LLC, 518 B.R. 212, 217 (E.D.N.Y. 2014); see also Fed. R. Bankr. P. 8003(a)(2). Here, it is unnecessary to determine whether such a dismissal might be warranted because, based on the record on appeal and Fido's appellate briefs, it is clear that Fido's arguments are meritless.

7

exemption, the Bankruptcy Court correctly cited various cases for discrete legal propositions—propositions that Fido does not even dispute. Accordingly, the factual differences between those cases and the instant case are irrelevant.

### III. Conclusion

The Court has considered Fido's remaining arguments and finds them meritless. For these reasons, the Bankruptcy Court's decision and order denying reconsideration are AFFIRMED.

Dated: November 30, 2015
Central Islip, New York

                                                              /s/    (JMA)
                                                          JOAN M. AZRACK
                                                          UNITED STATES DISTRICT JUDGE